[1 of 12
pgs]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JEREMY L. DALE

        Petitioner,

        v.

STATE OF INDIANA,

        Respondent.

CAUSE NO _____

**FILED**

**12/01/2022**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Motion
[28 USCS § 2241, Part 1 of 2]

§ 2241. Power to grant writ (A)(B)(C)(D)(E)

Core Terms : [Anxiety][Impaired][Incarceration][oppressive][retrial][particularized][Ineffective][Recommendation][Appeals][grounds][post-conviction][reversal][prejudicial][Adjudicate][processing][missing][delays][Court Reporter Act][complet Record][Failure to Compel][Immediate Release][due process violation][habeas corpus relief][remedies][Actual-Innocence][Wrongful conviction].

[JEREMY L. DALE] PRO SE · petition for writ of habeas corpus under the provisions of [28 U.S.C. § 2241 (1988)] Specifically; in grounds 1 and 2 the petitioner claims that delay in processing his appeal deprived him of his right to due process of Law. As a Consequence of these alleged errors, the petitioner requests that he be [released] from the sentence imposed, [reversal] or [New trial].

[ 2 of 12
  pgs ]

## FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

ON [JUNE 27] And [28] of [2005] A jury trial was conducted [Mr. Dale] was tried with to [Co-defendants] to the [Robbery] charge, [Dario Lee] and [Keith Taylor] The jury found [Mr. Dale] [guilty] of all the charges. His co-defendants were [acquitted] [T. 420-422] (records)

[Mr. Dale] Appeal from the judgement of conviction The Indiana Court of Appeals Affirmed convictions on [July 13, 2006] [EVEAH0] (records).

[Mr. Dale] filed A Petition For Post-Conviction Relief [Filed Feb 05, 2020]

(A) [First Ground ISSUE]: "Actual-INNOCENCE" due to [Ineffective Assistance of counsel] for failing to [Challenge Probable Cause Affidavit] that lead to a miscarriage of justice, And [Substantial And injurious effect].

(B) [Second Ground ISSUE]: "Actual-Innocence" due to [Ineffective Assistance of counsel] for failing to [Suppress] Suggestive identification procedures, [before trial], lead to a [Substantial And injurious effect]

(C) [Third Ground ISSUE]: "Actual-INNOCENCE due to [Ineffective Assistance of counsel] for failing to [Impeach] detective who was Allowed to testify at trial about [identification procedures] which were unconstitutional due to suggestive manner and attorney failed to make a show by timely [contemptous objections] to persue for appeal, lead to a [Substantial And injurious effect].

(D) [Fourth Ground ISSUE]: "Actual-INNOCENCE due to [Ineffective Assistance of counsel] failing to [timely] object to [prosectorial-misconduct] that cause a [miscarriage of justice,] And [Substantial And injurious effect.]

[3 of 12
pgs]

Also [Mr. Dale] disposition of petition's/motion's or Applications
and date of disposition.

i. (PCR) Feb 1, 2007, petition pended until Jan 29, 2013
then court granted motion to withdraw without prejudice.

ii. (PCR) June 17, 2014 and later amend it, petition pended
until May 18, 2016, court granted motion withdraw without prejudice

iii. (PCR) petition on July 7, 2016, pended until May 9, 2017, court
granted Dale's motion to withdraw without prejudice.

iiii. Dale also attempted to file a successive (PCR) petition on
May 17, 2017, but the Indiana Court of Appeals denied
permission on June 23, 2017

iiiii. Dale also attempted to file a writ of habeas corpus
october 9, 2019, was file on Octobember 16, 2019
on October 18, 2019 court ordered Respondent to move
to dismiss Dale's petition for a complete procedural
bar by Nov 25, 2019, court enter [Final Judgment]
the action is dismissed without prejudice, to satisfy the
statutory exhaustion requirement

Also [Mr. Dale] Attorneys before going "pro. se"

The proceedings at which each such attorney represented

i. "Mark Kamish" at Initial Hearing
ii. "T. Miller" (P-D) for Pre-Trial Conference
iii. "B. Lamar" (P-D) for Pre-Trial Conference, trial, investigation of case
iiii. "Emily Witney (ABS) Elizabeth A. Gabig both (Public Defender)
Appellant Attorney's

[4 of 12 pgs]

Also [Mr. Dale] on 03/02/2021 had a [Evidentiary Hearing]

Also [Mr. Dale] Filed on 03/02/2021 [Motion For Finding of Fact and Conclusions] of Law Filed.

Also [Mr. Dale] on 03/02/2021 judge [Murphy, Hugh Patrick] Mae for "[Judicial Notice]" of the matter.

Also [Mr. Dale] on 06/14/2021 judicial officer: [Davis, Angela Dow] filed [Order Denying Petition for Post Conviction Reff]

Also [Mr. Dale] on Oct 07/2021 "recieved" [Notice of COMPLYANCE] From [Marion County Clerk Office, Deputy Clerk "Daniel St. Louis"]

Also [Mr. Dale] on Oct 07/2021 "recieved" a [Notice of COMPLETION of Clerk's Record] From Myla A. Eldridge, that Clerk's Record (b) Not yet completed

Also [Mr. Dale] made a show by [Record] that he made a [Timely Appeal]

Also [Mr. Dale] on 10/26/2021 [Amended Notice of Completion of Clerk's Record] transcript [Not Yet Completed"]

Also [Mr. Dale] made many [Attempts] by filing [Motions to Complete Clerk's Record] 01/10/2022

also [Mr. Dale] filed [Motion to Compel following Rule 11 Duties of Court Reporter] on 01/05/2022

[5 of 12 pgs]

Also [Mr. Dale] "recieved" on 02/09/2022 A [Order Issued] by judicial officer: [Bradford, Cale J.] that Appellant's [Motion to Compel Court Reporter] Clerk, And [Attorney General] to [Completion of Records] received on [January 25, 2022] and had (15) days to complete and file [Transcript] of the hearing held on [March 2, 202]

Also [Mr. Dale] on 2/10/2022 [Motion to Compel Court Reporter] Clerk and [Indiana Attorney General] to [Completion of Clerk's Records]

Also [Mr. Dale] on 03/24/2022 filed [Notice for Failure to Comply] [Motion for Immediate Post Conviction Relief]

Also [Mr. Dale] on 04/21/2022 Court [Notified] Regarding [Non-compliance] with order.

Also [Mr. Dale] on 04/22/2022 [Document filed] [Notice of Failure to Comply [with [Court Order] and [Motion for Immediate Post Conviction Relief] Appellant Certificate of Serves.

also [Mr. Dale] on 04/22/2022 [Notice of Defect Cured] Clerk Comments [Notice of failure to Comply with Court Order] and [Motion for Immediate Post Conviction Relief] Appellant

Also [Mr. Dale] "recieved" on 05/02/2022 [Order Dismissing Appeal with Prejudice]. judicial officer: [Bradford, Cale J.] stated Appellant did not [timely file] A [Notice of Appeal] Appellant has forfeited the right to Appeal. This Appeal is [dismissed with prejudice] see. Ind. Appellate Rule 9(A)(5).

[6 of 12
pgs]

Also [Mr. Dale] on 05/20/2022 filed a [Motion to Correct ERROR] Certificate of Service Mailed 05/10/2022

Also [Mr. Dale] on 05/23/2022 judicial officer: [Bradford, Cale J.] finds and orders as follows: Appellants [writ of Habeas Corpus is [denied]

✱ Also [Mr. Dale] on 06/03/2022 judicial officer [Bradford, Cale J.] Having review the matter, the Court finds and orders as follws (1) Appellant's [Motion to Correct Error] is [Granted] This Appeal is hereby reinstated. (2) within (15) days of this order Court Reporter fee cause Number [49D27-2002-PC-5116] is order to [Complete and file a transcript] of the hearing on [March 2, 2021].

Also [Mr. Dale] on 10/18/2022 the [Court of Appeals of Indiana] [Noted] giving the (Court Reporter) (Judge) (State of Indiana) a order also on July 20, 2022 and [September 2, 2022] also [Granted] Appellant's [Motion Rule 37 Failure to Make Disclosures or to Cooperate in Discovery; Sanctions and Motion.]

also [Mr. Dale] By the Court of Appeals of Indiana found them [Worthy Issues]

Also [Mr. Dale] on 10/27/2022 by [Court Reporter Elizabeth I. Johnson] filed a [Amended Motion for Extension] of time which to file transcript is [Granted] As a [Final Extension]. [Transcript] is due on [November 28, 2022.]

[7 of 12
pgs]

Also [Mr. Dale] has yet to miss A [dead-line] ordered by the [Court] And showed time After time the will to recieve (Complete Record) And has gotten his CASE reinstated due to A [Error] by the [Court of Appeals] And [defendants] by filing A [Motion to Correct Error].

★ A. Delay in Processin Appeal   "Evidence of prejudice" Proof
(A)

IN determining whether An unnecessary pre-trial delay constitutes A due process violation, courts apply the balancing test enunciated by the Supreme Court in Barker v. Wingo wherein courts consider 1) the length of the delay; 2) the reason for the delay; 3) whether the defendant asserted his right to a timely Appeal; and 4) the prejudice to the defendant as a result of the delay. [Barker v. Wingo, 407 U.S. 514, 530, 33 L.Ed 2d 101, 92 S. Ct. 2182 (1972)] A number of Circuit's have expressly extended the use of this test to delays Arising in the processing of post conviction appeals: SEE [Simmons v. Reynolds, 898 F.2d 865, 868 2 Cir. 1990) US. v. Johnson. 732 F. 2d 379, 381 (9 Cir. 1984)] in Harris v. Champion, supra the [[DCir] tenth circuit elaborated on Barker test in the context of post-conviction appeal delays And provided, in general, a well reasoned framework for evaluating alleged violations of a defendant's due process rights in the post-conviction appeal context. The modified test applies the four factors of the Barker test, but tempers the Fourth factor to reflect the interests sought to be protected by an Appeal unencumbered by excessive delay." Harris, 15 F.3d at 1559. This Approach is in accord with that of other jurisdictions which give additional emphasis to the prejudice prong of the test. SEE [Rheuark, 628 F. 2d at 303. Fn.C] [United States v. Tucker, 8 F. 3d 673, 676 (9 Cir. 1993)] quoting [United States v. Antoine 906 F. 2d 1379 1382 (9 Cir 1990)]

[8 of 12
pgs]

"Evidence of Prejudice" Proof

★ Failure to Comply with the Court Reporter's Act,
(B) however, is not per se prejudicial error [United States
v. Chavez, 862 F.2d 1436, 1437-38 (10th Cir. 1988) Rather, and
in accordance with the purpose of the Act, "reversible error
occurs when 'the unavailability of a transcript make it impossible
for the appellate court to determine whether or not prejudicial
error was committed' with regard to a challenged action." [United States v.
Haber, 251 F.3d 881, 889 (10th Cir. 2001]

★ Judicial Officers, Court Reporters
(C.) Direct responsibility for the supervision of Court Reporters
rests with the district court. 28 U.S.C.S § 753(b). The
appellate court has inherent authority to impose sanctions in
aid of the management of it's own affairs so as to achieve
the orderly and expeditious disposition of cases. Moreover, it
has specific responsibility to ensure that the court reporter
files ordered transcripts in a timely fashion. Fed. R. App. P. 11(b).

★ Reversible Error, Cumulative Errors
(D) The cumulative effect of two or more individually harmless errors
has the potential to prejudice a defendant to the same extent
as a single reversible error. The purpose of a cumulative-error
analysis is to address that possibility. See eg, [United States v. Wallace
848 F.2d 1464, 1475 (9th Cir. 1988)

★ Fundamental Fairness
(E) The Due process Clause of the Fifth Amendment protects against
denials of fundamental fairness that are "shocking to the universal
sense of justice." [United States v. Russell, 411 U.S. 423, 432, 36 L. Ed.
2d 366, 93 S. Ct. 1637 (1973)] Also see [Lisenba v. California, 314 U.S. 219,
236, 86 L. Ed. 166, 62 S. Ct. 280 (1941)] (As applied to a criminal trial, denial of due
process is failure to observe that fundamental fairness essential to the very concept of justice).

[9 of 12 PGS]                    "Evidence of prejudice" Proof

A   Particlarized showing of prejudice .

(F)  Each of my [Claims] Are for [Actual-Innocence]
     due to [Ineffective of Counselor], And the only
     way my case can be heard is if I Exhaste All
     state remedies, and [Record complet] so Appeal court can rule.

     By the [Court Reporter] [Elizabeth I. Johnson] also
     [Judge Angela Davis] of the Marion Superior Court, as
     well as [Attorney General] not following said [orders]
     by the [Court of Appeals] to [Compel Records / transcripts]
     And or meet [Dead-lines] And also Motion For Extension
     has my case on hold due to [Excessive delay], causing
     A Pro se litigate to go about [oppressive in carceration]
     due to the [Fact] I can prove [Actual-Innocence] but
     not being allowed due to the [Record not being Completed]
     also not allowing the [Court of Appeals] access to such
     [records] to view my [Lower Court claims] to see if so
     Constitutional Rights, due process Rights were violated.

     Causing I (Mr. Dale) [Anxiety] or [concern] due to having to fight and
     meet each (dead-line), make all my findings [timely] [By Rule of Court]
     And research in getting my case [Reinstated] due to [Error] made
     by [defendants] or by [Court] due to [dismissing] my (Appeal) with prejudice
     for [Untimely filed] when in [Fact] I (Mr. Dale) had to
     bring to the Court's Attention threw a [Motion to Correct Error]
     that Actually I made my (dead-line) on time And
     (defendants) have missed every (dead-line) for close to (2 years)
     now not allowing my case (Justice) due to a show of [prejudice]
     threw out these 20 years wrongfully imprisoned, and wrongfully
     convicted causing A complete miscarriage of justice I'm
     still suffering from, and (damages) caused by being in prision.

[10 of 12 PGS]

Relif sAught: [Be [Released] from the sentence imposed, reversal, or New trial.

[11 of 12 pgs]

" Affidavit "

I sware under the penalties of pargurey these statements are (true to the best of my (Knowledge).

I. (Jeremy L. Dale) state:

(1) Everything in Motion 28 USCS § 2241, Part 1 of 2 is the (truth) and be proven by the (court records) and exhibits

(2) My God bless the U.S.A.

Jeremy L. Dale
#1978604
Q602

[12 of 12 pgs]

# "Certificate of Service"

On This date 28 month 11 year 20 22
I Jeremy L. Dale pesc. is sending to
United States District Court / and all said parties
by U.S. postal mail Motion [28 USCS § 2241, Part 1 of 2

State of Indiana
OFFICE OF THE Attorney General
TODD ROKITA
302 West Washington Street
Indiana Government Centre South Station
Indianapolis, Indiana 46204

Jeremy L. Dale
#978604
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE I 47838

Jeremy Dale
11-27-2022